AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

SHAWN WINBUSH and
COURTNEY MIGHTY
166 Purchase Street
New Bedford, MA
(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 2004-M-0486-RBC -01 -02

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about Ocotber 6, 2004 in Suffolk county, in the District of Massachusetts defendant(s) did, (Track Statutory Language of Offense)

import into the United States from Jamaica, more than 500 grams of cocaine, a Schedule II controlled substance

in violation of Title 21 United States Code, Section(s) 952(a) & 960(a).

I further state that I am a(n) Special Agent (Official Title) and that this complaint is based on the following facts:

See Affidavit of Special Agent Eric LaForte, attached hereto, and incorporated by reference.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Eric LaForte
Signature of Complainant

Sworn to before me and subscribed in my presence,

10-07-2004 at 1:15 pm at Boston, Massachusetts
Date City and State

Robert B. Collings
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**Affidavit Of Special Agent Eric LaForte**

I, Eric LaForte, on oath depose and state that:

1. I am a Special Agent with U.S. Immigration and Customs Enforcement [ICE] and I have been so employed for approximately a year and seven months. I am currently assigned to the Logan Airport Task Force, and have been so assigned since its inception. Prior to the inception of the Task Force, I was assigned to the Narcotics Group in Boston.

2. I was on duty at Logan Airport in Boston on the evening of Wednesday, October 6, 2004 through early morning on Thursday, October 7, 2004. I participated in the investigation that resulted in the arrest of SHAWN WINBUSH and COURTNEY MIGHTY by ICE. While this affidavit does not contain every fact known to me about this investigation, it does contain facts giving rise to probable cause to believe that WINBUSH and MIGHTY knowingly and intentionally imported cocaine into the United States from a place outside thereof, in violation of 21 U.S.C. §952(a) and § 960(a).

3. At about 10:35 p.m., on October 6, an Air Jamaica flight (No. 49) from Montego Bay, Jamaica arrived at Logan Airport. MIGHTY and WINBUSH were passengers on this flight. At the secondary inspection point, all passengers on this flight were directed to place their luggage on an x-ray machine after collecting it from the baggage carousel. An anomaly was

identified by Customs and Border Protection Inspector ("CBP") Chris Hunt in a black DONY roller bag belonging to MIGHTY.

4. Inspector Hunt notified CBP Inspector Mark Halpin, and the two inspectors opened the bag. In the bag, they located the presence of approximately 105 pellets in the bottom of the bag, concealed underneath the lining, weighing approximately 1,255 grams. Inspectors located an additional 4 pellets in a pants pocket within the bag, weighing approximately 45 grams.

5. Based on their experience, the physical appearance of the pellets, and the origin of the flight, they recognized these pellets as likely to contain cocaine, a Schedule II controlled substance. They subsequently field tested a sample of the pellets, which tested positive for cocaine.

6. The CBP Inspectors reviewed MIGHTY's passenger name record and determined that he was traveling with Shawn WINBUSH. They then alerted other CBP inspectors to identify and locate WINBUSH, who had already exited the Customs hall. WINBUSH was located waiting immediately outside the Customs hall, talking on a cell phone.

7. CBP Inspectors Paul Ryan, Simon Amaral and Craig McPherson asked WINBUSH to return to the Customs Hall. WINBUSH agreed, and was placed in a separate interview room with Inspectors Ryan, Amaral and McPherson.

8. CBP Inspectors Halpin and Hunt escorted MIGHTY to an

interview room, together with his baggage, which MIGHTY admitted was his, and which was identified with his luggage tags and airline claim ticket. The Inspectors contacted ICE agents. ICE Agent Christopher Diorio joined the CBP Inspectors and read MIGHTY his Miranda rights. MIGHTY signed a Miranda waiver form. Agent Diorio then questioned MIGHTY. MIGHTY admitted to ingesting pellets, and stated that WINBUSH also had ingested pellets. MIGHTY signed a consent to an abdominal x-ray and agreed to be transported to the hospital for the procedure.

9. WINBUSH was read his Miranda rights by Agent Diorio, and WINBUSH signed a Miranda waiver form. He denied ingesting cocaine, but admitted that he was traveling with MIGHTY, and that they had traveled to Jamaica together previously. WINBUSH consented to have his abdomen x-rayed and signed a consent form at the airport. However, as the time to leave for the hospital approached, WINBUSH withdrew his consent. At this time, WINBUSH exhibited indicators of distress associated with ingestion of foreign susbtances: he had very dry lips and was using lip balm frequently; he was drinking large quantities of water; he was burping frequently, sweating profusely, and appeared extremely agitated. Based on these factors and other indicators, Port Director Lorraine Henderson authorized a non-consensual x-ray of WINBUSH.

10. MIGHTY and WINBUSH were separately transported to the

hospital. Subsequent x-rays showed that both WINBUSH and MIGHTY had several foreign bodies in their abdomens.

11. MIGHTY's x-ray and subsequent procedures revealed 8 pellets, weighing approximately 120 grams.

12. WINBUSH's x-ray revealed numerous foreign bodies. After his x-ray, he stated "you got me." Medical tests revealed the presence of cocaine in WINBUSH's blood. WINBUSH denied using cocaine beyond the ingestion of the pellets, and MIGHTY confirmed that WINBUSH was not known to have used cocaine, separate from the ingestion of the pellets. WINBUSH was then placed in the intensive care unit (ICU) for monitoring, as a precaution in the event that one of the ingested pellets had leaked or otherwise been compromised. WINBUSH is still in ICU at the time of this Affidavit.

13. MIGHTY was transported from the hospital back to the state police barracks. I reminded MIGHTY of his Miranda rights, and he gave a statement. He spoke for more than an hour, voluntarily describing the history of his relationship with WINBUSH, from February 2004 to the present. He stated that in February, he had transported about $14- or $15,000 of WINBUSH's money from the United States to Jamaica with WINBUSH in order to arrange a cocaine deal. This deal was not successful; the money was provided but no cocaine received in exchange.

14. MIGHTY further stated that he had returned to Jamaica

in May 2004 and obtained approximately a kilogram of cocaine for WINBUSH, which was fronted without payment. He transported this cocaine back to Boston, ingesting it in the form of pellets. During that trip, he noted that upon arriving at Logan, his bag was not examined by CBP inspectors. This observation led him to conclude on the trip on October 6, 2004, that he could hide the cocaine in his luggage rather than ingesting it.

15. MIGHTY asserted that on his return to the Boston area, he had provided the cocaine to WINBUSH, who arranged for its sale. A quarter kilogram was for WINBUSH to keep for his own profit, and the remaining amount was to be sold to repay the dealers in Jamaica.

16. In July, 2004, MIGHTY returned to Jamaica in order to pay for the cocaine which he had obtained on the previous trip. He transported approximately $20,000 of U.S. currency which were proceeds from the sale of the cocaine in the United States.

17. Based on the foregoing, I submit that there is probable cause to believe that, on October 7, 2004, in Boston, Suffolk County, in the District of Massachusetts, WINBUSH and MIGHTY knowingly and intentionally imported into the United States from a place outside thereof cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a).

Eric LaForte

Special Agent, ICE

Sworn to and subscribed before me this 7th day of October 2004.

Robert B. Collings
United States Magistrate Judge
District of Massachusetts

JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet** **U.S. District Court - District of Massachusetts**

**Place of Offense:** Massachusetts **Category No.** ________ **Investigating Agency** ICE

**City** Boston **Related Case Information:**

**County** Suffolk

Superseding Ind./ Inf. ________ Case No. ________
Same Defendant ________ New ________
Magistrate Judge Case Number ________
Search Warrant Case Number ________
R 20/R 40 from District of ________

**Defendant Information:**

Defendant Name Shawn Winbush Juvenile ☐ Yes ☒ No

Alias Name ________

Address 166 Purchase Street, New Bedford, MA

Birth date (Year only): 67 SSN (last 4 #): 8160 Sex m Race: B Nationality: USA

**Defense Counsel if known:** ________ **Address:** ________

**Bar Number:** ________

**U.S. Attorney Information:**

**AUSA** Nancy Rue **Bar Number if applicable** ________

**Interpreter:** ☐ Yes ☒ No **List language and/or dialect:** ________

**Matter to be SEALED:** ☐ Yes ☒ No

☐ **Warrant Requested** ☐ **Regular Process** ☒ **In Custody**

**Location Status:**

**Arrest Date:** October 7, 2004

☐ **Already in Federal Custody as** ________ **in** ________ .
☐ **Already in State Custody** ________ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☐ **On Pretrial Release: Ordered by** ________ **on** ________

**Charging Document:** ☒ **Complaint** ☐ **Information** ☐ **Indictment**

**Total # of Counts:** ☐ **Petty** ________ ☐ **Misdemeanor** ________ [1] **Felony** ________

**Continue on Page 2 for Entry of U.S.C. Citations**

☒ **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

**Date:** October 7, 2004 **Signature of AUSA:** [signature]

JS 45 (5/97) - (Revised USAO MA 3/25/02) 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): ______________________

Name of Defendant ______________________

U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 21 USC 852(a) & 960(a) | Importation of cocaine into United States | one |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set | | | |
| Set | | | |
| Set | | | |
| Set | | | |
| Set | | | |
| Set | | | |

ADDITIONAL INFORMATION:

JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet** **U.S. District Court - District of Massachusetts**

Place of Offense: Massachusetts  Category No. ________  Investigating Agency ICE

City Boston  Related Case Information:

County Suffolk  Superseding Ind./ Inf. ________ Case No. ________
Same Defendant ________ New ________
Magistrate Judge Case ________
Search Warrant Case ________
R 20/R 40 from District ________

**Defendant Information:**

Defendant Courtney Mighty  Juvenile ☐ Yes ☒ No

Alias Name ________

Address 166 Purchase Street, New Bedford, MA

Birth date (Year only): 82 SSN (last 4 #): 8161 Sex m Race: B Nationality USA

Defense Counsel if known: ________ Address: ________

Bar Number: ________

**U.S. Attorney Information:**

AUSA Nancy Rue  Bar Number if applicable ________

Interpreter: ☐ Yes ☒ No  List language and/or dialect: ________

Matter to be SEALED: ☐ Yes ☒ No

☐ Warrant Requested  ☐ Regular Process  ☒ In Custody

Location Status:

Arrest Date: October 7, 2004

☐ Already in Federal Custody as ________ in ________.
☐ Already in State Custody ________ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by ________ on ________

Charging Document: ☒ Complaint ☐ Information ☐ Indictment

Total # of Counts: ☐ Petty ________ ☐ Misdemeanor ________ 1 Felony ________

Continue on Page 2 for Entry of U.S.C. Citations

☒ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: October 7, 2004  Signature of AUSA: [signature]

JS 45 (5/97) - (Revised USAO MA 3/25/02) 2 of 2 or Reverse

**District Court Case Number (To be filled in by deputy clerk):** ____________________

**Name of Defendant** ____________________

**U.S.C. Citations**

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 21 USC 852(a) & 960(a) | Importation of cocaine into United States | one |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set | | | |
| Set | | | |
| Set | | | |
| Set | | | |
| Set | | | |
| Set | | | |

**ADDITIONAL INFORMATION:**