```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,           )  CR.No. 2004-M-0486-RBC
                                    )
                    Plaintiff       )  MOTION FOR
                                    )  PRETRIAL RELEASE
                                    )  MEMORANDUM IN
          v.                        )  SUPPORT THEREOF
                                    )
                                    )
SHAWN WINBUSH                       )
                                    )
                    Defendant.      )
_____)
```

COMES NOW DEFENDANT SHAWN WINBUSH by and through his attorney of record and moves this Honorable Court for an Order directing that he be released pretrial subject to reasonable conditions of release.

This motion is made on the ground that there exist conditions or combination of conditions that would reasonably assure defendant SHAWN WINBUSH's appearance at trial; that he is not a flight risk and that he is not a danger such that he would continue to engage in criminal activity that would be to the detriment of the community.

### MEMORANDUM OF POINTS AND AUTHORITIES

"Each Defendant is unique and each is entitled to have his case decided with a recognition of that." United States v. Patriarca,776 F. Supp. 593,597(D.C.Mass. 1991) remanded 948 F.2d 789 (1st Cir. 1991).  "Detention determinations ...must be based on the evidence which is before the court regarding the

particular defendant." <u>United States v. Tortora</u>, 922 F 2d.880, 888 (1st Cir. 1990).

<u>Preliminary Statement</u>

Shawn Winbush stands charged, along with a co-defendant with the importation of more than 500 grams of cocaine. Although the complaint alleges that a mandatory minimum sentence would apply, there is no evidence that Mr. Winbush possessed 500 grams or more of cocaine.

Mr. Winbush is a 37 year old U.S. citizen. The father of 4 children (their ages range between the ages of 19 and 11) who served his country for 15 years as part of the military. Upon his release from the military, he was diagnosed with post-traumatic stress disorder and he is presently on medication. Said medication which includes Trazadone, was provided post arrest until Friday October 8, 2004 when he was housed at Essex House of Corrections. Mr. Winbush states that he has not received any medication since his arrival at Essex House of Corrections.

Mr. Winbush is married to Wendy Winbush who presently resides at 13 Hazard Ct., New Bedford, MA. Ms. Winbush who has also served in the military asks that this Honorable Court consider her as a third party custodian.

Applicable Authority and Analysis

The government has moved for pre-trial detention of Mr. Winbush pursuant to 18 U.S.C. § 3142(f)(1)(C), and (f)(2).  Under said provisions the government contends that Mr. Winbush is both a flight risk and a danger to the public.

The United States Court of Appeals for the First Circuit has made clear in United States v. Patriarca, supra at 597, that "Danger ... means more than physical violence.  This also refers to the danger Defendant might engage in criminal activity to the detriment of the community." Id. See also United States v. Tortora, supra at 884  wherein the court stated: "Requiring that release conditions *guarantee* the community's safety would fly in the face of Congress's intent that **only a limited number of defendants be subject to pretrial detention**...[T]he courts cannot demand more than an objectively reasonable assurance of community safety," *citations and internal quotation omitted, emphasis added.*

Although the instant case , on the face of the complaint is one where there is a rebuttable presumption that no combination of conditions of release will reasonably assure defendant's appearance or the safety of the community, cf contra e.g. United States v. DiGiacomo, 746 F.Supp.1176, 1181 (D.C.Mass. 1990), Mr. Winbush, per evidence expected to be presented at the hearing on this motion, respectfully submits that there is substantial evidence which demonstrates that, at a minimum, conditions of

release can be formulated which would assure his appearance and alleviate any concern for public safety.  While under 18 U.S.C. § 3142(e), a district court is to presume that no condition(s) would reasonably assure defendant's appearance at trial or the safety of the community absent sufficient rebuttal evidence, Mr. Winbush is expected to submit evidence that he has strong ties to Massachusetts and a willingness to submit to various restrictive conditions of release such as electronic monitoring.  Such satisfies his burden of production, see, e.g., United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985)(defendant need only produce "some evidence" to rebut presumption). The burden of persuasion remains on the government.  See id.; see also United States v.Perez-Franco, 839 F.2d 867,870(1st Cir. 1988)(per curiam).

As for risk of flight, the government must establish by a preponderance of the evidence that no set of conditions of release will reasonably assure the presence of the defendant as required. See United States v. Patriarca, supra at 793 (preponderance of evidence standard applies to risk of flight determinations). To measure whether the government has met this burden, the district court is required to take into account the relevant factors set forth in §§ 3142(g): (1) the weight of the evidence as to guilt; (2) the nature and circumstances of the crime charged; and (3) the characteristics of the accused, including community and family ties, past history, financial

resources and employment <u>United States v. Kattar</u>, No. 92-1126 (1st Cir. 04/21/1992).

Mr. Winbush is prepared to relinquish his passport if not already in the possession of the government.  As stated above he is prepared for restrictive conditions and his spouse is prepared to sign an unsecure bond in a reasonable amount as ordered by this Court.

The total weight of the alleged cocaine removed from Mr. Winbush s person is not stated in the agent s affidavit.  However, it is unlikely that the total will be the 500 grams or more claimed by the government.  The larger quantity of cocaine was found in the co-defendant s luggage.  Pursuant to the statements purportedly made by the co-defendant, it was the co-defendant who transported money, who transported drugs and to whom drugs were fronted without payment.  At this point, there is no evidence that any larger amount than that which was removed from Mr. Winbush was foreseeable to him (assuming the sentencing guidelines are constitutional).  The Guideline sentence for under 500 grams could be as high as a level 24 with a sentencing range of 57 to 78  (category II or III) months without a plea.  Even with his prior criminal history which includes some defaults, there is absolutely no reason to run from such a potential sentence.

Under the Bail Reform Act liberty is the norm, release is favored and release is mandated in the least restrictive manner

that will adequately assure a defendant s appearance at trial. <u>See generally</u>: <u>United States v. Himler,</u> 797 F.2d 156,159(3rd Cir. 1986); <u>United States Montamedi,</u> 767 F.2d 1403,1405(9th Cir. 1985);18 U.S.C. § 3142(c)(B).  Any doubts concerning release should be resolved in favor of the defendant. <u>United States v.Townsend</u>, 897 F.2d 989,994(9th Cir. 1990).

## Conclusion

Mr. Winbush is a citizen and long time resident of the Boston area with numerous family ties to the community including his young children.  He respectfully requests and submits that there are reasonable conditions of release that this Honorable Court could impose that would assure his appearance at trial and the safety of the community, including but not limited to weekly reporting to Probation, curfews, house arrest and/or electronic monitoring.

Date:   10/15/04              Respectfully submitted,

/s/ Victoria M. Bonilla

VICTORIA BONILLA, BBO # 558750
77 Central St, 2nd Floor
Boston, MA 02109
(617) 350-6868
Attorney for Defendant