UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. M-04-00486-RBC |
| ) | |
| SHAWN WINBUSH, ) | |
|     Defendant. ) | |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS**

The government hereby opposes the Defendant's Motion to Dismiss.

The Speedy Trial clock was tolled until November 15, 2004, and therefore, Defendant's motion to dismiss has no merit.

Defendant Winbush was arrested on October 7, 2004, but was unavailable to appear in Court for initial appearance until November 8, 2004, because Defendant was in the hospital, being monitored to ensure that the cocaine pellets that he had swallowed had not leaked.  See Affidavit in support of Complaint, ¶ 12; see also Detention Hearing, October 15, 2004, Testimony of Eric LaForte.  Therefore, this day was excludable under 18 U.S.C. § 3161(h)(3)(A).

On October 8, 2004, the government moved for detention.  The delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable under 18 U.S.C. § 3161(h)(1)(F).[1]  The time during which the motion is under advisement by the Court (not to exceed thirty days), is likewise

---

[1] Motions regarding the defendant's pretrial detention and bond are "pretrial motions" for speedy trial purposes.  See United States v. Schiavo, 1996 WL 490008, at 7 (Aug. 19, 1996):
    We think that "any pretrial motion" easily encompasses pretrial motions relating
    to pretrial release or detention, and have previously held as much. See United
    States v. Noone, 913 F.2d 20, 27 (1st Cir.1990) (pretrial detention).
See also  United States v. Bellucci, 737 F.Supp. 706, 708-09 (D.Mass.1990) (holding that the motions for detention are included in the scope of pretrial motions excluded from the clock under 18 U.S.C. § 3161(h)(1)(F).

excludable. 18 U.S.C. § 3161(h)(1)(J). Therefore, the clock did not commence to run until November 15, 2004, thirty days after the government's motion for detention (and corresponding Defendant's motion for release), was taken under advisement.

Given these facts, thirty days have not yet passed since the Complaint was filed against Defendant Winbush within the meaning of 18 U.S.C. § 3161. Accordingly, the Defendant's motion is without merit and must be denied.

                                            Respectfully submitted,
                                            MICHAEL J. SULLIVAN
                                            United States Attorney

By:    /s/ Nancy Rue
        Nancy Rue
        Assistant U.S. Attorney