UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUTTS

UNITED STATES OF AMERICA

v.                                          CASE NO. CR 04-486-RBC

SHAWN WINBUSH
Defendant

## MEMORANDUM IN SUPPORT OF
## MOTION FOR REVOCATION OF DETENTION ORDER

The Defendant, Shaw Winbush, has moved this Court for revocation of the detention order entered in the above-captioned matter by the United States Magistrate pursuant to 18 U.S.C. Section 3145(b). The magistrate, after a hearing, ordered Mr. Winbush detained pending trial. The magistrate was not made aware of any condition or combination of conditions that would assure the appearance of the Defendant and the safety of the community, which would rebut the presumption as set forth in 19 U.S.C.3142(e). The Defendant now seeks a review of this detention decision and respectfully requests a hearing on the instant motion.

In making a determination of detention, a judicial officer must bear in mind that "passage of the pre-trial detention provision of the 1984 act did not…signal a Congressional intent to incarcerate wholesale the category of accused persons awaiting trial". United States v. Orta, 760 F.2d 887 (8th Cir.1985). Rather, Congress was demonstrating its concern about "a small, but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." Id. At 890 (quoting S.Rep.No.225, 98th Cong., 1st Sess.6-7, reprinted in 1984 U.S.Code Cong. & Ad/ News at 3189); United States v. Westbrook, 780 F.2d 1185 (5th Cir. 1986).

In fact, Congress enacted the preventive detention provisions of the Bail Reform Act out of deep concern about the growing problems of crime committed by persons on release. See: United States v. Rodriguez, 794 F.2d 24 (2nd Cir. 1986). The group, however, was conceded by Congress to be a "small identifiable group of particularly dangerous defendants: and not every person charged with an offense against the United States. S.Rep.No. 225, supra. If Congress had intended to authorize pre-trial detention in all narcotics cases, it could easily have done so. United States v. Himler, 797 F.2d 156.

In order to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 757 F. 2d 378, 384 (lst Cir. 1985). Mr. Winbush was arrested on November 7, 2004 and arraigned in the Federal Court, on a criminal complaint charging him with possession with the intent to distribute.

Despite having a prior criminal record, Mr. Winbush was not on probation or parole or released pending trial, sentencing or appeal; See: 18 U.S.C. 3142(g).

In United States v Perez-Franco, 839 F. 2d 867 (1st Cir.1988), the Court pointed out that Congress had found that persons charged with major drug offenses have the foreign ties and resources necessary to escape with ease to other countries. The Court, likewise, explained that flight to avoid prosecution is particularly high among persons charged with serious narcotic offenses". See also, United States v. Palmer-Contreras, 835 F. 2d 15 (lst Cir. 1987). Those concerns are totally lacking here. No evidence was presented to demonstrate any foreign ties or resources available to Mr. Winbush.  .

Mr. Winbush would agree to the following specified conditions: a) releasing him to person(s) who would be willing to serve as third-party custodians for him; b) submitting to random searches; and c) being placed on electronic monitoring and restricted to home confinement. These conditions will provide the court with sufficient basis to conclude that the safety of the community will not be endangered by his release.

                                      Respectfully Submitted,
                                      Shawn Winbush,
                                      By his attorney,

                                      Lawrence P. Novak
                                      BBO # 548589
                                      235 Candy Lane
                                      Brockton, MA 02301
                                      (508) 587-8400

Dated: April 4, 2005

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that I have caused a copy of the Motion and attached Memorandum to be mailed, postage prepaid, to Nancy Rue at the United States Attorney's Office, United States District Court, U.S. Courthouse, Suite 9200, One Courthouse Way, Boston, MA 02210 on this 4th day of April, 2005.

                                                                 Lawrence P. Novak, Esq.